IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PATRICIA MICHAELS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:21-cv-00390-DGK |
| vs. | ) |
| | ) |
| | ) |
| WAL-MART STORES EAST I, L.P. and | ) |
| RAY SCOTT, | ) |
| Defendants, | ) |

## ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Defendant Wal-Mart Stores East I, L.P., by and through undersigned counsel, and for its Answer to Plaintiff's Petition for Damages states as follows:

## GENERAL ALLEGATIONS

1. Defendant is without sufficient knowledge and information to admit or deny the allegations and averments in Paragraph 1 of Plaintiff's Petition for Damages and therefore denies the same.

2. Defendant admits the allegations and averments in Paragraph 2 of Plaintiff's Petition for Damages.

3. Defendant denies the allegations and averments in Paragraph 3 of Plaintiff's Petition for Damages.

4. Defendant admits that Plaintiff has alleged an injury at the location of a retail store located at 1000 NE Same Walton Lane, Lee's Summit, Missouri. Defendant denies the remaining allegations and averments in Paragraph 4 of Plaintiff's Petition for Damages.

5. Defendant admits the allegations and averments in Paragraph 5 of Plaintiff's Petition for Damages.

6. Defendant admits the allegations and averments in Paragraph 6 of Plaintiff's Petition for Damages.

7. Defendant is without sufficient knowledge and information to admit or deny the allegations and averments in Paragraph 7 of Plaintiff's Petition for Damages and therefore denies the same.

8. Defendant is without sufficient knowledge and information to admit or deny the allegations and averments in Paragraph 8 of Plaintiff's Petition for Damages and therefore denies the same.

## **COUNT I**

9. Defendant incorporates each and every response set forth above.

10. Paragraph 10 of Plaintiff's Petition for Damages states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all allegations and averments in Paragraph 10.

11. Defendant denies the allegations and averments in Paragraph 11 of Plaintiff's Petition for Damages.

12. Defendant denies the allegations and averments in Paragraph 12 of Plaintiff's Petition for Damages.

13. Defendant denies the allegations and averments in Paragraph 13 of Plaintiff's Petition for Damages, including all subparts.

14. Defendant denies the allegations and averments in Paragraph 14 of Plaintiff's Petition for Damages.

15. Defendant denies the allegations and averments in Paragraph 15 of Plaintiff's Petition for Damages and the WHEREFORE paragraph of Count I Plaintiff's Petition for Damages.

## COUNT II

16. Defendant incorporates each and every response set forth above.

17. Defendant admits the allegations and averments in Paragraph 17 of Plaintiff's Petition for Damages.

18. Defendant denies the allegations and averments of Paragraph 18 of Plaintiff's Petition for Damages.

19. Defendant denies the allegations and averments of Paragraph 19 of Plaintiff's Petition for Damages.

20. Paragraph 20 of Plaintiff's Petition for Damages states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all allegations and averments in Paragraph 20.

21. Defendant denies the allegations and averments in Paragraph 21 of Plaintiff's Petition for Damages.

22. Defendant denies the allegations and averments in Paragraph 22 of Plaintiff's Petition for Damages.

23. Defendant denies the allegations and averments in Paragraph 23 of Plaintiff's Petition for Damages, including all subparts.

24. Defendant denies the allegations and averments in Paragraph 24 of Plaintiff's Petition for Damages.

25. Defendant denies the allegations and averments in Paragraph 25 of Plaintiff's Petition for Damages and the WHEREFORE paragraph of Count I Plaintiff's Petition for Damages

## **AFFIRMATIVE DEFENSES**

1. Defendant denies each and every allegation and averment not specifically admitted herein.

2. Defendant states that Plaintiff's Petition for Damages fails to state a claim upon which relief can be granted against it.

3. Plaintiff's claim fails as Plaintiff has failed to allege a dangerous condition that Defendant knew of or should have known of.

4. The alleged condition and/or instrumentality which Plaintiff claims caused her alleged injuries and damages was an open and obvious condition and, therefore, Plaintiff is barred from recovery against Defendant as a matter of law.

5. Defendant states that if Plaintiff sustained any damage, which it specifically denies, the same was caused or contributed to by the intervening acts, superseding acts and/or subsequent conduct or fault of other parties over which Defendant neither had control, nor the right of control, and, therefore, Plaintiff's claims against Defendant are barred.

6. Defendant states that Plaintiff's claims against Defendant are barred by the failure of Plaintiff to mitigate her alleged damages.

7. Defendant states that Plaintiff's alleged damages, if any, were not reasonably foreseeable by Defendant and, therefore, recovery against Defendant should be barred and/or reduced accordingly.

8. Plaintiff's claims are barred or should be reduced pursuant to the principles of comparative fault.

9. Defendant is entitled to a credit or offset for all sums paid to Plaintiff for alleged damages by any other party and/or non-party.

10. Defendant states that the value of any medical treatment rendered to Plaintiff is limited to the dollar amount necessary to satisfy the financial obligations to Plaintiff's healthcare providers.

11. Defendant is entitled to a credit and/or set-off for any reduction in medical bills or other special damages imposed by non-parties to the case such as health insurance carriers, governmental insurance carriers and similar entities.

12. Defendant reserves the right to assert any other affirmative defenses which may be uncovered during the course of discovery.

Respectfully submitted,

*/s/ Tracy M. Hayes*

| | |
|---|---|
| Bradley S. Russell | MO #39392 |
| Tracy M. Hayes | MO #58555 |

SANDERS WARREN & RUSSELL LLP
Compass Corporate Centre
11225 College Blvd., Suite 450
Overland Park, KS 66210
Phone: 913-234-6100
Fax: 913-234-6199
b.russell@swrsllp.com
t.hayes@swrsllp.com
**ATTORNEYS FOR WAL-MART STORES EAST I, L.P.**

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 4th day of June, 2021, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

 Marty W. Seaton
 John E. Turner
 Christopher P. Sweeney
 TURNER, SWEENEY & SEATON
 10401 Holmes Road, Ste. 450
 Kansas City, Missouri 64131
 Phone: 816-942-5100
 Fax: 816-942-5104
 mseaton@turnersweeny.com
 turner-sweeny@msn.com
 csweeny@turnersweeny.com
 **Attorneys for Plaintiff**

               */s/ Tracy M. Hayes*
               Attorney